IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CRAIG J. CESAL, No. 52948-019,**

    **Petitioner,**

vs.                                 **CIVIL NO. 11-cv-333-DRH**

**JAMES CROSS,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This case is before the Court on petitioner's writ of habeas corpus, which was transferred to this Court by the District Court for the Central District of Illinois (Doc. 6). Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. §2241 to challenge his September 2003 conviction and sentence in the Northern District of Georgia, Case No. 02-cr-030. Petitioner pled guilty to conspiracy to distribute marijuana, and was sentenced to life imprisonment.

    As an initial matter, because petitioner was transferred to FCI-Greenville from FCI-Pekin after this action was filed and thus has a new custodian (*see* Doc. 10), the Clerk is **DIRECTED** to substitute Greenville Warden James Cross as the Respondent in this action, and terminate Ricardo Rios, the former custodian, as a party. *See* 28

U.S.C. § 2242.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." RULES GOVERNING § 2254 CASES IN THE U.S. DIST. CTS. R. 4 (2010). Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. *Id.* R. 1(b). After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Soon after petitioner's guilty plea was accepted by the trial court, he sought to withdraw the plea without success. He then appealed his conviction to the United States Court of Appeals, Eleventh Circuit. The appellate court affirmed petitioner's conviction in *United States v. Cesal*, 391 F.3d 1172 (11th Cir. 2004). In doing so, the court found that petitioner's guilty plea, which included a waiver of his right to appeal or collaterally attack his conviction and sentence, was voluntary and the District Court's denial of petitioner's motion to withdraw the plea was proper. (*See* Doc. 195-2, p. 4, in *United States v. Cesal*, Case No. 02-cr-030, N.D. Ga). Further, the court concluded that petitioner's attempt to disavow the plea agreement was a breach of the agreement, justifying the government's recommendation that he be given a longer sentence.

The Supreme Court granted *certiorari*, vacated the judgment of the appellate

court, and remanded the case for reconsideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *Cesal v. United States*, 545 U.S. 1101 (2005). Upon reconsideration, the Eleventh Circuit reinstated its earlier opinion, because petitioner never raised any *Apprendi/Blakely/Booker* issue in his brief, and had waived his right to appeal. *United States v. Cesal*, No. 03-15090, 2005 WL 1635303 (11th Cir. July 13, 2005).

On November 3, 2006, petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the trial court, raising nine grounds for relief. These included claims that his retained trial counsel had a conflict of interest because he was paid by a third party (petitioner's father), ineffectiveness of trial and appellate counsel, and governmental misconduct. This motion was denied by the trial court on June 8, 2008. (Doc. 396 in *United States v. Cesal*, Case No. 02-cr-030, N.D. Ga). Petitioner's application for a certificate of appealability was denied first by the trial court, and later by the appellate court on December 12, 2008. His petition for a writ of *certiorari* was denied by the Supreme Court on June 11, 2009.

In the instant § 2241 petition, petitioner asserts three grounds for relief: 1) the district court required him to be represented by counsel hired and compensated by a third party who petitioner claims was a witness cooperating with the government, despite the fact that petitioner could have retained his own counsel; 2) petitioner's conduct did not violate the law; and 3) his life sentence without the possibility of parole amounted to cruel and unusual punishment for a first-time offender.

Normally a person may challenge his federal conviction only by means of a

motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). *See also Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("[A] prisoner who challenges his *federal* conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255." (emphasis in original)). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.

Petitioner contends that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. The fact that petitioner may be barred from bringing a successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

> Every court that has addressed the matter has held that § 2255 is "inadequate or ineffective" only when a *structural problem* in § 2255 forecloses even one round of effective collateral review – and then only when as in *Davenport* the claim being foreclosed is one of actual innocence. *See, e.g., Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538-39 (3d Cir. 2002); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893, 902-03 (5th

Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

*Taylor v. Gilkey*, 314 F.3d 832 ,835-36 (7th Cir. 2002) (emphasis added).

Petitioner argues that the § 2255 procedure is inadequate to allow review of his claims, however, he bases this argument not on any structural defect in 28 U.S.C. § 2255, but instead on the alleged failure of the trial and appellate courts to address the grounds he raises here when he presented them on appeal and in his § 2255 motion (Doc. 1, p. 4; Doc. 10, pp. 3, 7). Even if petitioner were correct in claiming that the Georgia federal and appellate courts did not address his complaints, that would not amount to an inadequacy in the remedy afforded by the § 2255 procedure, because it did not stem from any structural problem in § 2255. The record belies petitioner's claim in any case – his arguments that he was denied the counsel of his choice and that his trial counsel had a conflict of interest due to being paid by a third party were reviewed and rejected by the trial court in its thirty-two page opinion denying his § 2255 motion (*See* Doc. 396, pp. 12-16 in *United States v. Cesal*, Case No. 02-cr-030, N.D. Ga).

Likewise, petitioner's assertion that his conduct did not violate the statute was addressed on direct appeal in the context of whether Petitioner should have been allowed to withdraw his guilty plea. *United States v. Cesal*, 391 F.3d 1172, 1177-80 (11th Cir. 2004). The trial court found that the § 2255 petition presented no basis for revisiting the determination of the appellate court. (Doc. 396, p. 29-32, in *United States v. Cesal*, Case No. 02-cr-030, N.D. Ga). As for petitioner's challenge to the

length of his sentence, not only is such a matter outside the purview of a § 2241 motion, but petitioner waived his right to collaterally attack his sentence when he pled guilty. The validity of petitioner's guilty plea and the waiver of his right to collateral review, the trial court's acceptance of the plea, and its denial of petitioner's motion to withdraw the plea have all been scrutinized in the earlier proceedings referenced above. Petitioner has not demonstrated any inadequacy in the § 2255 procedure that denied him the opportunity for review of the matters he raises here.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998). The Seventh Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as *having been imprisoned for a nonexistent offense*." *Davenport,* 147 F.3d at 611 (emphasis added). The Seventh Circuit clarified this standard, stating that "actual innocence" is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime due to some subsequent change in the law as contemplated by the *Kramer* court. Nor does petitioner have any newly discovered evidence to present. Instead, petitioner asserts that he is "actually innocent" of the conspiracy crime because the conduct he engaged in did not violate the law. Whether or not this

was the case, he pled guilty to conspiracy, and his plea was found to be knowing and voluntary by both the trial and appellate courts.

Petitioner was procedurally correct in raising his claims in a § 2255 motion, and they were addressed by the trial court. Section 2255 thus does not prove to be an inadequate remedy for petitioner's claims, and under *Davenport*, he cannot raise the claims under § 2241.

Therefore, § 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:    November 3, 2011**

*David R. Herndon*

Digitally signed by David R. Herndon
Date: 2011.11.03 14:11:41 -05'00'

**Chief Judge
United States District Court**